IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LORENZO E. WALKER, #164 121        *

    Plaintiff,                                     *

        v.                                              *      2:09-CV-423-TMH
                                                             (WO)

C.O. T. DINKINS, *et al.*,                   *

    Defendants.                              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the Easterling Correctional Facility located in Clio, Alabama. In this 42 U.S.C. § 1983 action, he complains about events which occurred on March 11, 2009 during his confinement at the Kilby Correctional Facility located in Mt. Meigs, Alabama. Specifically, Plaintiff alleges that Defendants violated his constitutional rights by requiring him to "navigate" a flight of stairs soaked with water and debris while he was handcuffed behind his back. Plaintiff asserts that Defendants conspired to cover up the incident by placing sandpaper on the stairs several days later. Named as defendants are Correctional Officers T. Dinkins and F. Fenn, Lieutenant Mark Lowman, and Sergeant Richard Smith. Plaintiff seeks damages from the named defendants in their individual and official capacities.

Upon consideration of the complaint, the court concludes that its dismissal prior to

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## DISCUSSION

Plaintiff files this 42 U.S.C. § 1983 action alleging a violation of his constitutional rights as a result of having to contend with a flight of 20 stairs "soaked with water and debris" while his hands were cuffed behind his back. Although housed on the ground floor, Plaintiff asserts that he was required to go upstairs to shower. Plaintiff makes no allegation that his brief ascent and descent of the water and debris-soaked stairs caused him any injury. *(Doc. No. 1.)*

To the extent Plaintiff contends that having to maneuver up and down wet and littered stairs while handcuffed subjected him to cruel and unusual punishment, such claim is without merit. The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Farmer v. Brennan*, 511 U.S. 825, 837-839 (1994).

In this case, Plaintiff's claims, at best, show only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Whitley v. Albers,* 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety").

Based on the foregoing, the court concludes that the actions about which Plaintiff complains, without more, do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **July 6, 2009** the parties shall file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 23rd day of June 2009.

                                       /s/ Wallace Capel, Jr.
                                       WALLACE CAPEL, JR.
                                       UNITED STATES MAGISTRATE JUDGE